UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT B. SCOTT | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | 3:09-cv-402 |
| | ) | *Jordan* |
| | ) | |
| GEORGE M. LITTLE, et al. | ) | |
| | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM**

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion to dismiss filed by defendant George M. Little [Court File No. 18] and the motion to dismiss filed by defendants Jimmy "J.J." Jones, Connie Bartlett, and Joy R. McCroskey [Court File No. 20]. Plaintiff has not filed a response to the motions to dismiss and the court deems plaintiff to have waived his opposition to the dispositive motions. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the defendants' motions to dismiss will be **GRANTED** and this action will be **DISMISSED**.

I.    Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.   Factual Background

Plaintiff brought this action while in the custody of the Tennessee Department of Correction; he has since been released from custody. The defendants are George M. Little, former Commissioner of the Tennessee Department of Correction; Jimmy "J.J." Jones, the Sheriff of Knox County, Tennessee; Connie Bartlett (erroneously identified in the complaint as Connie Parton), the Director of the Community Alternative to Prison Program ("CAPP"); and Joy R. McCroskey, the Clerk of the Criminal Court for Knox County, Tennessee.

Plaintiff alleges that on December 8, 2006, pursuant to a plea agreement, he was sentenced to three years probation with CAPP. According to plaintiff, he was credited with 132 days toward his sentence for the actual time he was in the Knox County Jail awaiting the disposition of his criminal case. Plaintiff also claims he earned 32 sentence reduction credits during his time in the Knox County Jail. Plaintiff alleges that he was revoked from CAPP on July 18, 2008, but the defendant McCroskey failed to give him credit for all of the time he served in CAPP, specifically a combined total of 313 days. Plaintiff further alleges that he made good faith attempts to resolve the matter with the defendants to no avail.

According to plaintiff, his sentence should have expired on April 1, 2009, as a result of various sentence reduction credits and that his continued incarcerated since that time constituted false imprisonment. Plaintiff seeks compensatory and punitive damages from the defendants.

III.   Discussion

Plaintiff makes no factual allegations against defendant Little, other than to say that defendant Little either rejected or ignored plaintiff's attempts to bring the matter to the defendant Little's attention. In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the

unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Moreover, simply failing to act after learning of a subordinate's unconstitutional conduct will not impose liability upon a supervisory official. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Based upon the foregoing, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant Little. Accordingly, defendant Little's motion to dismiss will be **GRANTED**.

Similarly, the only allegation plaintiff makes against defendant Jones is that, as sheriff, he supervises the overall operation of CAPP; the only allegation against defendant Bartlett is that she is the director of CAPP. Under the circumstances, plaintiff has failed to state a claim against defendants Jones and Bartlett in their supervisory positions.

With respect to defendant McCroskey, plaintiff alleges that, as criminal court clerk, she failed to award plaintiff proper credit for the time he served in CAPP. Defendant McCroskey, however, has quasi-judicial immunity to a suit such as plaintiff's. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity); *see also Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) ("court clerk is protected by the doctrine of absolute judicial immunity").

Accordingly, plaintiff's complaint against defendant McCroskey must be dismissed. "The entitlement is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Based upon the foregoing, the motion to dismiss filed by defendants Jones, Bartlett, and McCroskey will be **GRANTED**.

IV.  Conclusion

The defendants' motions to dismiss will be **GRANTED** and this action will be **DISMISSED**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan
United States District Judge